IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2009 DEC -7 PM 4:05
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| CROSSROADS SYSTEMS, INC., § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. A09CA 879 SS |
| v. § | |
| § | JURY DEMANDED |
| (1) POSTVISION, INC., D/B/A § | |
|    ARCHION, § | |
| (2) CELEROS CORPORATION, § | |
| (3) DIGILINK TECHNOLOGY, INC., § | |
| (4) CIPHERMAX, INC., § | |
| (5) INTRANSA, INC., § | |
| (6) RASILIENT SYSTEMS, INC., § | |
| (7) QLOGIC CORPORATION, and § | |
| (8) OVERLAND STORAGE, INC. § | |
| § | |
| Defendants. § | |

## PLAINTIFF CROSSROADS SYSTEMS, INC.'S
## COMPLAINT FOR PATENT INFRINGEMENT

### THE PARTIES

1.   Plaintiff Crossroads Systems, Inc. ("Crossroads") is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 11000 North MoPac Expressway, Austin, Texas 78759.

2.   Upon information and belief, Defendant Postvision, Inc., d/b/a Archion ("Archion") is a Delaware limited liability company with a principal place of business of 824 N. Victory Boulevard, Burbank, CA 91502.

3.   Upon information and belief, Defendant Celeros Corporation ("Celeros") is a California corporation with a principal place of business of 1170 Hamilton Court, Menlo Park, CA 94025.

4. Upon information and belief, Defendant Digilink Technology, Inc. ("Digilink") is a Michigan corporation with a principal place of business of 2283 W. Grand River, Okemos, MI 48864.

5. Upon information and belief, Defendant CipherMax, Inc. ("CipherMax") is a Delaware corporation with a principal place of business of 3 Results Way, Cupertino, CA 95014.

6. Upon information and belief, Defendant Intransa, Inc. ("Intransa") is a Delaware corporation with a principal place of business of 2870 Zanker Road, Suite 200, San Jose, California 95134.

7. Upon information and belief, Defendant Rasilient Systems, Inc. ("Rasilient") is a Delaware corporation with a principal place of business of 270 Santa Ana Court, Sunnyvale, CA 94085.

8. Upon information and belief, Defendant QLogic Corporation ("QLogic") is a Delaware corporation with a principal place of business of 26650 Aliso Viejo Parkway, Aliso Viejo, CA 92656.

9. Upon information and belief, Defendant Overland Storage, Inc. ("Overland") is a California corporation with a principal place of business of 4820 Overland Avenue, San Diego, CA 92123.

## JURISDICTION AND VENUE

10. This action arises under the laws of the United States, more specifically under 35 U.S.C. § 100, *et seq.* Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

11. Upon information and belief, each Defendant has transacted business in this district and each Defendant has sufficient contacts with this judicial district to subject themselves to the jurisdiction of this Court. Personal jurisdiction and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 6,425,035

12. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

13. On July 23, 2002, United States Patent No. 6,425,035 (the "'035 Patent") was duly and legally issued. A true and correct copy of the '035 Patent is attached hereto as Exhibit A. Crossroads is the assignee and the owner of all right, title, and interest in and to the '035 Patent. The '035 Patent is entitled to a presumption of validity.

14. Each of the Defendants has directly infringed the '035 Patent. On information and belief, the Defendants continue to directly infringe the '035 Patent.

15. Specifically, each of the Defendants has directly infringed the '035 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their storage products including at least the following: Node, Synergy, Canvas and Alliance storage solution products (Archion); EzSAN, eXtremeSAN, EzSANFiler storage products (Celeros); SAN Storage Server products (Digililant); CM Family of storage systems (including the CM180, CM200T, CM200D, CM250 and CM500 products)

(CipherMax); EdgeBlock and IP SAN storage solution products (including IP2000, IP5000, and IP6000 products) (Intransa); RASTOR and PixelStor storage appliance products (Rasilient); Fibre Channel Switch and Intelligent Storage Router products (QLogic); and NEO, REO, and ULTAMUS RAID products (Overland).

16.   Further, Defendants have been and now are indirectly infringing by way of actively inducing infringement and/or contributing to the infringement of the '035 Patent by users of Defendants' storage products, such as the Node, Synergy, Canvas and Alliance storage solution products (Archion); EzSAN, eXtremeSAN, EzSANFiler storage products (Celeros); SAN Storage Server products (Digililant); CM Family of storage systems (including the CM180, CM200T, CM200D, CM250 and CM500 products) (CipherMax); EdgeBlock and IP SAN storage solution products (including IP2000, IP5000, and IP6000 products) (Intransa); RASTOR and PixelStor storage appliance products (Rasilient); Fibre Channel Switch and Intelligent Storage Router products (QLogic); and NEO, REO, and ULTAMUS RAID products (Overland) ("'035 Infringing Products") by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of their storage products, including the '035 Infringing Products.

17.   Defendants have been on notice of the '035 Patent and have not ceased their infringing activities. The infringement of the '035 Patent by Defendants has been and continues to be willful and deliberate.

18.   Crossroads has been irreparably harmed by the Defendants' acts of infringement of the '035 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined and restrained by order of this Court.

19. As a result of the acts of infringement of the '035 Patent by Defendants, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,051,147

20. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

21. On May 23, 2006, United States Patent No. 7,051,147 (the "'147 Patent") was duly and legally issued. A true and correct copy of the '147 Patent is attached hereto as Exhibit B. Crossroads is the assignee and the owner of all right, title, and interest in and to the '147 Patent. The '147 Patent is entitled to a presumption of validity.

22. Defendants CipherMax, QLogic, and Overland have directly infringed the '147 Patent and, on information and belief, Defendants CipherMax, QLogic, and Overland continue to directly infringe the '147 Patent.

23. Specifically, Defendants CipherMax, QLogic, and Overland have directly infringed the '147 Patent by making, using, offering for sale, selling and/or importing into the United States certain of their storage products including at least the following: the CM Family of storage systems (including the CM180, CM200T, CM200D, CM250 and CM500) (CipherMax); Fibre Channel Switch products (QLogic); and NEO, REO, and ULTAMUS RAID products (Overland).

24. Further, Defendants CipherMax, QLogic, and Overland have been and now are indirectly infringing by way of actively inducing infringement and/or contributing to the infringement of the '147 Patent by users of Defendant CipherMax's, QLogic's, and Overland's storage products, such as the CM Family of storage systems (including the

CM180, CM200T, CM200D, CM250 and CM500) (CipherMax); Fibre Channel Switch products (QLogic); and NEO, REO, and ULTAMUS RAID products (Overland) ("'147 Infringing Products") by among other things, making, using, offering for sale, selling, importing into the United States, marketing, supporting, providing product instruction, and/or advertising certain of their storage products, including the '147 Infringing Products.

25. Defendants CipherMax, QLogic, and Overland have been on notice of the '147 Patent, and have not ceased their infringing activities. The infringement of the '147 Patent by Defendants CipherMax, QLogic, and Overland has been and continues to be willful and deliberate.

26. Crossroads has been irreparably harmed by Defendants CipherMax, QLogic, and Overland's acts of infringement of the '147 Patent and will continue to be harmed unless and until Defendants CipherMax, QLogic, and Overland's acts of infringement are enjoined and restrained by order of this Court.

27. As a result of the acts of infringement of the '147 Patent by Defendants CipherMax, QLogic, and Overland, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Crossroads requests this Court enter judgment as follows:

A. That each of the Defendants has infringed the '035 Patent;

B. That such infringement of the '035 Patent by Defendants has been willful;

C. That Defendants account for and pay to Crossroads all damages caused by the infringement of the '035 Patent;

D. That Crossroads receive enhanced damages from Defendants in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants' willful infringement of the '035 Patent;

E. That Defendants CipherMax, QLogic, and Overland have infringed the '147 Patent;

F. That such infringement of the '147 Patent by Defendants CipherMax, QLogic, and Overland has been willful;

G. That Defendants CipherMax, QLogic, and Overland account for and pay to Crossroads all damages caused by the infringement of the '147 Patent;

H. That Crossroads receive enhanced damages from Defendants CipherMax, QLogic, and Overland in the form of treble damages, pursuant to 35 U.S.C. § 284 based on Defendants CipherMax, QLogic, and Overland 's willful infringement of the '147 Patent;

I. That Defendants pay Crossroads all of Crossroads' reasonable attorneys' fees and expenses;

J. That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringement of the '035 Patent and '147 Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

K. That costs be awarded to Crossroads;

L.  That Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the '035 Patent;

M.  That Defendants CipherMax, QLogic, and Overland, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the '147 Patent;

N.  That this is an exceptional case under 35 U.S.C. § 285; and

O.  That Crossroads be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Crossroads hereby demands a trial by jury on all issues.

Dated: *December 7*, 2009

Respectfully submitted,

By: *Elizabeth J. Brown Fore*
Steven Sprinkle
State Bar No. 00794962
Elizabeth J. Brown Fore
State Bar No. 24001795
Sprinkle IP Law Group, PC
1301 W. 25th Street, Suite 408
Austin, Texas 78705
Tel: (512) 637-9220
Fax: (512) 371-9088
ssprinkle@sprinklelaw.com
ebrownfore@sprinklelaw.com

8